UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>ANTHONY WILLIAMS (01), )<br>)<br>Defendant. ) | Cause No. 2:14-cr-00026-WTL-CMM |

## AMENDED REPORT AND RECOMMENDATION

On April 11, 2019, the Court conducted a final hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on August 6, 2018. Defendant Anthony Williams ("Defendant") appeared in person with FCD counsel, Michael Donahoe. The government appeared by MaryAnn Mindrum, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Jennifer Considine.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. §3583:

1. The Court previously advised Defendant of his rights.

2. Government has agreed to dismiss Violation No. 2

3. After being placed under oath, Defendant admitted Violation No. 1. [Docket No. 39.]

4. The allegation to which Defendant admitted, as fully set forth in the petition, are:

| **Violation Number** | **Nature of Noncompliance** |
|---|---|
| 1 | "The defendant shall not commit another federal, state or local crime."<br><br>On August 3, 2018, Mr. Williams was charged in Vigo County, Indiana, under cause number 84D01-1808-F4-002699 for Unlawful Possession of a Firearm by a Serious Violent Felon, Battery by Means of a Deadly Weapon, Battery Resulting in Serious Bodily Injury, and Criminal Recklessness Committed with a Deadly Weapon. Mr. Williams whereabouts are unknown at this time, and local law enforcement are attempting to locate him. |

5. The parties stipulated that:

   (a) The highest grade of violation is a Grade **A** violation.

   (b) Defendant's criminal history category is **VI**.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is **33 to 41** months imprisonment.

6. Government recommended that defendant be incarcerated for twenty-four (24) months with one (1) year supervised release to follow. Because the underlying conviction was a Class C felony, 24 months is the maximum available sentence for the violation of supervised release.

7. The Magistrate Judge, having considered the factors in 18 U.S.C. §3553(a), and as more fully set forth on the record, finds that:

   (a) The Defendant violated the conditions in the petition;

   (b) The Magistrate Judge recommends that the defendant's supervised release be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of **twenty (20)** months with one (1) year of

supervised release to follow.  The Court makes the following observations for the District Judge:

      The parties did not reach agreement on an appropriate disposition of this matter.  The Government's recommendation was for the maximum possible sentence, i.e., 24 months; the defendant did not make a specific recommendation but raised issues in mitigation of a maximum sentence.

      The Court observes that the defendant's offense, while serious, occurred in inflammatory circumstances—his daughter had been beaten badly by a boyfriend who refused to leave the defendant's premises at his demand—and it is clear that the underlying events were influenced by high emotion and the defendant's precarious psychological state.[1]  The circumstances were then further worsened by the defendant's decision to flee and eventual refusal to cooperate with authorities when he was located in a local hotel room.  Sealed off from law enforcement in a locked bathroom while armed, the defendant eventually surrendered.  Again, the defendant's psychological history plays a role, but there is no overcoming the truth that he was in possession of a firearm both at the time of confronting the daughter's boyfriend (who was slightly injured by an errant gun shot in a scuffle that ensued) <u>and</u> while barricaded in a hotel room bathroom.

      The defendant addressed the Court and apologized for his conduct.  Clearly, he is struggling to comply with a serious and permanent reality: He may not now or in the future possess firearms.  A term of incarceration is appropriate, especially when the underlying offense here was for felon firearm possession.  Moreover, an additional year of supervised release will allow for needed support and oversight during a transition from the prison environment.  The defendant assured the Court that he understands the consequences of his acts and will not repeat them.  Probation support can only help him achieve that objective.

The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.  The Court will make a recommendation of placement at a facility close to Terre Haute, Indiana.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge.

---

[1] Charges were filed in the Vigo Superior Court arising from the incident and the defendant currently is serving a five-year term of in-home detention following the disposition of that matter.  He was in jail eight months while awaiting the conclusion of that case.

The parties have 14 days after being served a copy of this Report and Recommendation to serve and file written objections with the District Judge.

Dated: April 11, 2019

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system